UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>GARRETT F. HOLMES,<br><br>Defendant. | Case No. 1:17-cr-00151-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Garrett F. Holmes' Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 32. The Government has filed an opposition to Holmes' Motion. Dkt. 36. Holmes has filed a reply and the matter is ripe for the Court's consideration.[1] Dkt. 38.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On January 3, 2018, after pleading guilty to one count of distribution of meth, the

---

[1] The Court notes that Holmes' reply was filed nearly three months late and was over the allowed page limit. Nevertheless, the Court has reviewed and considered the reply in making its decision today.

Court sentenced Holmes to 71 months incarceration and five years supervised release. Holmes is currently incarcerated at the Federal Prison Camp in Atwater, California.

On April 20, 2020, Holmes submitted an Inmate Request to Staff form to Warden Ciolli at the Atwater Prison Camp asking to be considered for early release. Dkt. 32-1, at 3. That same day, Warden Ciolli responded, explaining that the facility was prioritizing a list of inmates who had been selected for consideration by the regional office. *Id.* at 4. Again, on April 21, 2020, Holmes sent a second request asking to be considered for compassionate release and received the same response as before. *Id.* at 5-6.

Holmes filed a Motion for Compassionate Release with this Court on May 26, 2020. He cited to his underlying health conditions in conjunction with the Covid-19 pandemic, as reasons justifying his release.

### III. LEGAL STANDARD

Holmes seeks compassionate release under the First Step Act's ("FSA") newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[2] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with

---

[2] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Holmes sent an inmate request to staff on both April 20 and 21 of 2020. Neither of these request forms are signed by staff, and according to the government, the Bureau of Prisons does not have any requests from Holmes on file. Dkt. 36, at 11. However, Holmes did receive an electronic response from the warden to both requests on April 20 and April 22, respectively, indicating that the warden did in fact receive notice of the request. Dkt.

---

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

32-1, at 4,6. Holmes then waited until May 20, 2020 to file his request with the Court. As such, Holmes did satisfy the requirement under § 3582(c)(1)(A) to wait at least 30 days before making a request upon the Court. Thus, the Court finds that Holmes did exhaust his administrative remedies.

### B. Extraordinary and Compelling Reasons

Though Holmes has exhausted his administrative remedies, he has not made a showing of "extraordinary and compelling reasons" which warrant a permanent reduction in his sentence, or that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Holmes bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 3:13-cr-0044-BR, 2020 WL 1673440, at 3 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of

MEMORANDUM DECISION AND ORDER - 4

Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). Because this is no longer the law with the FSA, which allows defendants to seek relief directly from the court, this "leaves district courts in a conundrum." *Id.* (explaining that Congress now allows district courts to grant petitions "consistent with the applicable policy statements" from the Sentencing Commission, although the Sentencing Commission "has not made the policy statements for the old regime applicable to the new one").

A growing number of district courts have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant compassionate release." *Rodriguez*, 411 F. Supp. 3d at 682 (collecting cases). However, other courts have concluded "a judge may not stray beyond the specific instances listed in [U.S.S.G. § 1B1.13]." *Mondaca*, 2020 WL 1029024, at *3 (citations omitted); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (stating U.S.S.G. § 1B1.13's descriptions of extraordinary and compelling reasons "remain current, even if references to the identity of the moving party are not").

The Court need not decide the issue, however, because Holmes suggests one of the specific scenarios set out in the Sentencing Commission's policy statement applies in this case. *Brown*, 411 F. Supp. 3d at 451 (district courts "still must act in harmony with any sentencing policy guidelines that remain applicable and the § 3553(a) factors"). First, Holmes seeks compassionate release under the "medical condition" scenario in subdivision

(A) of U.S.S.G. 1B1.13, Application Note 1.[4] Holmes argues that his Hepatitis and Graves' disease, in conjunction with the Covid-19 pandemic, constitute extraordinary and compelling reasons warranting his release.

The Government counters, claiming that Holmes has not met his burden of demonstrating extraordinary and compelling reasons supporting compassionate release because he has not demonstrated either that his Graves' disease or Hepatitis place him at an increased risk of contracting a severe case of Covid-19, or that or that he would be any safer if released to the community rather than serving the balance of his sentence at Federal Prison Camp at Atwater. The Court must agree.

First, the Center for Disease Control ("CDC") has stated that there is no evidence to suggest that individuals with Hepatitis B or C are at an increased risk of contracting Covid-

---

[4] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

(A)    Medical Condition of the Defendant.—

(i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)    The defendant is—

(I)    suffering from a serious physical or medical condition,

(II)    suffering from a serious functional or cognitive impairment, or

(III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

MEMORANDUM DECISION AND ORDER - 6

19.[5] Importantly, neither Hepatitis nor Graves' disease appear on the CDC's list of conditions which may place an individual at increased risk.[6] Additionally, the American Thyroid Association has indicated that individuals with Graves' disease are not at a higher risk of contracting a severe case of Covid-19.[7] As such, Holmes has not provided sufficient evidence that he suffers from a medical condition which places him at an increased risk of contracting Covid-19.

Additionally, Holmes has not established that he would be at less risk if released in the community rather than serving the rest of his sentence at the Federal Prison Camp at Atwater. Multiple courts have denied compassionate release to prisoners, even those with high-risk medical conditions, because many of them would likely be less-exposed to the pandemic by remaining at the prison. *See United States v. Singui*, 2020 WL 2523114, at *4 (C.D. Cal. May 12, 2020) (denying compassionate release to inmate with diabetes, high blood pressure, and high cholesterol; observing that "there is little evidence that [the defendant] is presently at greater risk of contracting the virus at MDC than in the general population: MDC has no current reported infections, inmates at MDC are housed in separate units, and the staff at MDC has undertaken a variety of interventions [] to prevent

---

[5] *What to Know About Liver Disease and Covid-19*, CENTER FOR DISEASE CONTROL (last updated May 5, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html.

[6] *At Risk for Severe Illness*, CENTER FOR DISEASE CONTROL (last updated Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

[7] *Novel Coronavirus (Covid-19) and the Thyroid*, AMERICAN THYROID ASSOCIATION, https://www.thyroid.org/covid-19/coronavirus-frequently-asked-questions/#hypothyroidism (last visited Sept. 23, 2020).

the virus from reaching and spreading within the prison"); *United States v. Hembry*, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020) (denying motion for inmate with diabetes based on COVID-19 risks where, *inter alia*, the incarcerated movant was "housed at a facility with no reported infections"); *United States v. Shabudia*, 2020 WL 2464751, at *2 (N.D. Cal. May 12, 2020) (denying motion for elderly inmate with high cholesterol; observing that "while the Court acknowledges [defendant's] worries about the spread of COVID-19 in prisons, the facility in which [defendant] is housed currently has no confirmed cases of COVID-19"); *see also United States v. Wright*, 2020 WL 1922371, at *3 (S.D.N.Y. Apr. 20, 2020) (denying motion for inmate with diabetes, noting, it appears "the BOP has been successful at limiting the spread of the virus within the MCC . . . despite the close proximity of inmates, the BOP is able to impose restrictions on visitors and restrictions on internal movements that are more difficult to impose outside prison walls. There is no reason to believe at this juncture that [defendant] would be at any less of a risk from contracting COVID-19 if he were to be released."); *United States v. Gamble*, 2020 WL 1955338, at *5 (D. Conn. Apr. 23, 2020) (denying defendant with diabetes compassionate release where the BOP had contained the spread of the virus in the defendant's specific facility); *United States v. Seng*, 2020 WL 2301202, at *6–7 (S.D.N.Y. May 8, 2020) (stating "statistics support the inference that [defendant] would be more at risk of contracting COVID-19 were he released and required to stay in his apartment in Manhattan than he would be by remaining in FCI Allenwood Low," which had no reported cases); *United States v. Guyton*, 2020 WL 2128579 (E.D. La. May 5, 2020) (denying compassionate release to 45-year-old inmate with hypertension where there were no cases

of COVID-19 at inmate's facility); *United States v. Shah*, 2020 WL 1934930 (E.D. Mich. Apr. 22, 2020) (denying compassionate release although defendant had diabetes and hypertension because there were no cases at defendant's facility and because the BOP was making efforts to protect inmates).

Currently, Atwater—which includes both the Federal Prison Camp and a high-security penitentiary—has reported only 20 cases of Covid-19.[8] Conversely, Payette County, where Holmes would reside if released, has reported 814 confirmed and probable cases, as well as 6 deaths.[9] Considering the high level of cases in Payette County, the Court cannot find that Holmes would be at less risk if released into the community.

Finally, the Government asserts there are compelling reasons *not* to release Holmes at this time. Specifically, the Government highlights Holmes conviction in this case for distribution of methamphetamine, as well as Holmes' prior convictions—including charges for drug trafficking, forgery, theft, and possession of controlled substances—and notes these behaviors pose a substantial risk to the community. Dkt. 36, at 19-20. The Court agrees these are compelling reasons for denying Holmes' motion.

In sum, the Court finds that Holmes has not met his burden to show that "extraordinary and compelling reasons" exist warranting his release. Accordingly, the

---

[8]   *Coronavirus*, FEDERAL BUREAU OF PRISONS (last updated Sept. 22, 2020), https://www.bop.gov/coronavirus/.
[9]   *Idaho Dept. of Health and Welfare's Covid-19 Dashboard,* TABLEAU PUBLIC (last updated Sept. 22, 2020),   https://public.tableau.com/profile/idaho.division.of.public.health#!/vizhome/DPHIdahoCOVID-19Dashboard/Home.

MEMORANDUM DECISION AND ORDER - 9

Court must DENY Holmes' motion. 18 U.S.C. § 3582(C)(1)(A).[10]

## V. ORDER

The Court HEREBY ORDERS:

1.  Holmes' Motion for Compassionate Release (Dkt. 32) is DENIED.

2.  Holmes' Motion for Extension of Time to File Response/Reply (Dkt. 39) is GRANTED.

DATED: October 7, 2020

_____
David C. Nye
Chief U.S. District Court Judge

---

[10] In light of this holding, the Court does not consider the 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A).